**IN THE UNITED STATED DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN EVERETT, | : | CIVIL ACTION NO.  18-00746-WB |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE MATERNAL CHILD CONSORTIUM, LLC, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of defendant The Maternal Child Consortium, LLC's Motion to Dismiss Plaintiff's Complaint or for a More Definitive Statement, and plaintiff Susan Everett's response in opposition thereto, it is hereby

## O R D E R E D

that defendant's Motion is **GRANTED** and plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
**WENDY BEETLESTONE, U.S.D.J.**

**IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SUSAN EVERETT, | : | CIVIL ACTION NO.  18-00746-WB |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE MATERNAL CHILD CONSORTIUM, LLC, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT THE MATERNAL CHILD CONSORTIUM, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR FOR A MORE DEFINITIVE STATEMENT

Defendant, The Maternal Child Consortium, LLC, moves for dismissal of all Counts of Plaintiff's Complaint (Counts I-IV) under Federal Rule of Civil Procedure 12(b)(6) and, alternately, for a more definitive statement under Federal Rule of Civil Procedure 12(b)(e) as to Counts I, III and IV of Plaintiff's Complaint for the reasons stated in the accompanying brief which is adopted and incorporated by reference as if fully set forth herein.

Respectfully submitted,

**McSHEA LAW FIRM, P.C.**

 /s/ Ralph J. Kelly
RALPH J. KELLY, ESQUIRE

Attorney for Defendant,
The Maternal Child Consortium, LLC

Date:   May 29, 2018

**IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| SUSAN EVERETT, | : | CIVIL ACTION NO.  18-00746-WB |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| THE MATERNAL CHILD CONSORTIUM, LLC, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**DEFENDANT THE MATERNAL CHILD CONSORTIUM, LLC'S BRIEF
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT OR FOR A MORE DEFINITIVE STATEMENT</u>**

Ralph J. Kelly
Pa. Identification No. 39706
McShea Law Firm, P.C.
Centre Square, West Tower
1500 Market Street, Suite 4000
Philadelphia, PA 19102-2100
(215) 599-0800
RKelly@mcshealawfirm.com

Attorney for Defendant,
The Maternal Child Consortium, LLC

## TABLE OF CONTENTS

Page

I.  INTRODUCTION.................................................................................................1

II.  BACKGROUND................................................................................................2

  A.  Procedural History.............................................................................2

  B.  Facts Alleged in the Complaint........................................................2
    1.  The Parties...............................................................................2
    2.  Everett's Employment...........................................................3
    3.  Everett's FMLA Leave and Her Failure to Return to Work.............3
    4.  Everett's EEOC Charge and Notice of Right to Sue
        Associates Home Care, Inc.................................................3

III.  STANDARDS OF REVIEW.............................................................................4

  A.  Legal Standard Under Rule 12(b)(6)................................................4

  B.  Legal Standard Under Rule 12(e)......................................................5

IV.  ARGUMENT......................................................................................................6

  A.  Everett's ADA Claim Fails to State a Cause of Action Against
      Maternal Child Because Everett's EEOC Notice of Right to Sue
      Did Not Provide Everett With the Right to Sue Maternal Child................6

  B.  Everett's ADA and FMLA Claims are Legally Deficient Because
      Everett Was Not Terminated for Requesting a Leave, Rather She
      Was Terminated Because She Failed to Provide the Requisite Return
      To Work Documentation and She Did Not Return to Work After She
      Exhausted Her Leave....................................................................8

  C.  Everett's ADA Claim is Legally Deficient Because Everett Is Not
      Disabled Within the Meaning of the ADA Which Bars Claims for
      Transitory and Minor Impairments Under the Act's "Regarded As"
      Disabled Prong for Establishing a Disability...................................9

  D.  Everett's Complaint Fails to State a Plausible Claim for Relief
      Under the FLSA or PMWA.............................................................11

V.  CONCLUSION.................................................................................................15

## I.     **INTRODUCTION**

Plaintiff, Susan Everett ("Everett"), filed suit against defendant, The Maternal Child Consortium, LLC ("Maternal Child" or "Defendant"), claiming certain alleged federal and state statutory violations in connection with the termination of employment in October, 2016. The Complaint is a motley collection of vague conclusions of law that are contradicted by what little facts are actually pled. The end result is a defective complaint that fails to state a cause of action against Maternal Child and must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

First, Everett's ADA claim must be dismissed because she failed to exhaust her administrative remedies against Maternal Child. She never instituted an administrative proceeding against Maternal Child. Instead, her EEOC proceeding (and right to sue letter) were brought against another entity, Associates Home Care, Inc. ("Associates Home Care") and the time to sue that party has long since expired.

Second, Everett's ADA and FMLA counts conclude that she was terminated for requesting leave. However, these legal conclusions are belied by the actual facts in Everett's Complaint. The facts as pled show that Everett received the full leave to which she was entitled, and was not terminated for requesting leave but because she failed to return to work when that leave had expired.

Third, Everett is not disabled within the meaning of the ADA under the Act's "regarded as" disabled prong which prohibits claims for transitory and minor impairments such as Everett alleges in her Complaint in connection with her diagnosis of Lofrgren Syndrome.

Finally, Everett's claims based on Defendant's purported overtime compensation violations under the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") are conclusory and vague and lack any temporal limitation. The threadbare

nature of Everett's allegations also make it unclear whether Everett is asserting any claim based on purported failures to pay "on-call" compensation or for improper "meal break" deductions. Nevertheless, what is clear, is that Everett fails to plead sufficient facts to state plausible claims for relief against Maternal Child under the FLSA and PMWA for any reason and those claims must be dismissed.

In the alternative, Everett must be required to provide a more definitive statement under Rule 12(e) with respect to her ADA, FLSA, and PMWA claims as discussed below.

## II.   BACKGROUND

### A.   Procedural History

Everett commenced this action by filing a four-count Complaint in this Court on February 16, 2018 (ECF No. 1) against Maternal Child for alleged (a) discrimination and retaliation under the ADA, 42 U.S.C. § 12101 *et seq.* (Count I), (b) interference and retaliation under the FMLA, 29 U.S.C. § 621 *et seq.* (Count II), (c) willful failure to pay overtime and other compensation as required under the FLSA, 29 U.S.C. § 201 *et seq.* (Count III), and (d) failure to pay overtime and other compensation as required under the PMWA, 43 P.S. § 333 *et seq.* (Count IV). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

### B.   Facts Alleged in the Complaint[1]

#### 1.   The Parties

Everett is a citizen of the United States and Pennsylvania who currently maintains a residence in Levittown, PA 19055 and Maternal Child is a limited liability corporation

---

[1]   Although Maternal Child strenuously disputes the "facts" Everett alleges in her Complaint, it assumes, as it must that that Everett's factual allegations are true for the purposes of its Rule 12(b)(6) motion. A summary of the facts in the Complaint that are relevant to Maternal Child's motion are set forth below.

authorized and existing under the laws of the state of Pennsylvania, with a registered principal office address in Bensalem, PA 19020.  Ex. A, Compl. ¶¶ 2-3.

### 2.      Everett's Employment

Everett was employed by Defendant as a Scheduler.  Ex. A, Compl. ¶ 12.  Everett claims that "at all times material hereto" she, worked approximately 41.5 hours per week.  *Id.* ¶ 13.  She claims that she also performed unspecified compensable on-call work.  *Id.* ¶ 14.  She further claims that approximately three occasions per week, her 30 minute meal break was interrupted and lasted fewer than 20 minutes but that 30 minutes was automatically deducted from her time records.  *Id.* ¶¶ 15-17.

### 3.      Everett's FMLA Leave and Her Failure to Return to Work

Everett suffers from Type II Diabetes and Anemia.  *Id.* ¶ 23.  In or about the summer of 2016, Everett was diagnosed with Lofgren Syndrome (acute Sarcoidosis), impairing her ability to stand, sit, walk, breathe for extended periods.  *Id.* ¶ 24.  Beginning in or about July 2016, Everett commenced a 12-week FMLA leave of absence, which leave Defendant approved.  *Id.* ¶¶ 26, 44, 49.  The leave was to expire on October 6, 2016.  In connection therewith, Everett was advised that she needed to submit a release to return from work from her doctor.  Everett failed to submit the return to work authorization and failed to return to work and as a result, her employment was terminated on October 13, 2016.  *Id.* ¶ 35.

### 4.      Everett's EEOC Charge and Notice of Right to Sue Associates Home Care, Inc.

On or about February 3, 2017, Everett filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Pennsylvania Human Relations Commission.  Ex. A, Compl. ¶ 4.  The EEOC docketed Everett's Charge as EEOC Charge No. 530-2017-01935.  *Id.*

By correspondence dated December 11, 2017, Everett received a Notice of Right to Sue

from the EEOC regarding her EEOC Charge, advising her that she had 90 days to file suit

against the Respondent. *Id.* ¶ 5. A true and correct copy of Everett's EEOC Notice of Right to

Sue and corresponding letter from Everett's counsel, dated November 13, 2017 (time-stamped as

received by the EEOC on November 15, 2017), are attached together hereto as **Exhibit B**.[2]

## III.   STANDARDS OF REVIEW

### A.   Legal Standard Under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the

complaint, which may be dismissed for the "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must accept

all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor

of the plaintiff. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert.*

*denied*, 566 U.S. 921 (2012). But, a court must "disregard rote recitals of the elements of a cause

---

[2]     The Court may consider Everett's EEOC Notice of Right to Sue and corresponding letter
from Everett's counsel on this motion to dismiss. While a district court ruling on a motion to
dismiss may not consider matters extraneous to the pleadings, it may properly consider "a
document integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory
Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), where it is "undisputedly authentic." *In re
Donald J. Trump Casino Sec. Litig.*, 7 F.3d 357, 368 n.9 (3d Cir. 1993), *cert. denied*, 510 U.S.
1178 (1994); *see also Feingold v. Graff*, 516 Fed. Appx. 223, 225 (3d Cir. 2013) (holding that,
on a motion to dismiss, a court may consider a fact that is subject to judicial notice under Rule
201(b) of the Federal Rules of Evidence—i.e., "a fact that is not subject to reasonable dispute
because it . . . can be accurately and readily determined from sources whose accuracy cannot
reasonably be questioned"); *Vega v. Miller*, No. 11-cv-7224, 2012 WL 6709642, at *1 (E.D. Pa.
Dec. 27, 2012) (noting court "may take judicial notice of matters of public record outside the
pleadings, such as court proceedings") (citing *Travis v. Miller*, 226 F. Supp. 2d 663, 664 n.2
(E.D. Pa. 2002) (same)). Here, Everett's EEOC Notice of Right to Sue and corresponding letter
from her counsel are authentic, a matter of public record, and integral to the Complaint.
Everett's EEOC Notice of Right to Sue is also explicitly referenced and relied upon in the
Complaint at paragraph 5 (*see* Ex. A).

of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012).

As the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). The Court later refined this approach in *Ashcroft v. Iqbal*, and emphasized the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added). However, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Application of these legal standards to Everett's Complaint reveals the legal deficiency of Counts I-IV contained therein.

**B.     Legal Standard Under Rule 12(e)**

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). "The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief." *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006) (finding more definite statement was warranted where the complaint did not provide necessary facts for determination on a qualified immunity claim); *see also Mazuka v. Amazon.com*, No. 16-cv-566, 2016 WL 9776081, at *3-5 (M.D. Pa. June 9, 2016) (directing plaintiff to file a more definitive statement "[g]iven the legal and factual ambiguity of the plaintiff's claims, and the shifting

5

grounds upon which these claims appear to rest"), *report and recommendation adopted*, 2016 WL 9776082 (M.D. Pa. July 6, 2016).

To the extent that Counts I, III, and IV of Everett's Complaint are not dismissed under Rule 12(b)(6), Everett must be compelled to provide a more definitive statement as requested below.

## IV.   ARGUMENT

### A.   Everett's ADA Claim Fails to State a Cause of Action Against Maternal Child Because Everett's EEOC Notice of Right to Sue Did Not Provide Everett With the Right to Sue Maternal Child.

The Notice of Right to Sue that Everett received from the EEOC did not provide Everett with a right to sue Maternal Child. The EEOC Notice only provided Everett with a right to sue Associates Home Care, the Respondent on her EEOC Charge, within the requisite 90-day period. See Ex. B, Everett's EEOC Notice of Right to Sue which provides Everett with the right to sue "Associates Home Care, Inc." Likewise, the corresponding right-to-sue letter to the EEOC from Everett's counsel acknowledges that Associates Home Care is the Respondent on Everett's EEOC Charge. See Ex. B, Everett's counsel's letter which references "Susan Everett v. Associates Home Care, Inc., Charge No. 530-2017-01935." Therefore, Count I of Everett's Complaint fails to state an ADA claim against Maternal Child, and Maternal Child must be dismissed with prejudice from that claim.

Everett failed to exhaust any administrative remedies against Maternal Child and the time for Everett to attempt to exhaust administrative remedies against Maternal Child has long-expired. This Court recently confirmed the limitations period for exhausting administrative remedies in an ADA case in Pennsylvania:

A plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief. This includes timely filing a charge of discrimination with the PHRC and the EEOC before bringing suit. For a charge to be timely, the plaintiff must normally file his charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice took place. However, in a "deferral state" such as Pennsylvania, that is, a state which has a state or local law prohibiting the practice alleged and established or authorizing the state or local authority to grant or seek relief from practices prohibited under the ADA, the plaintiff has not 180 but 300 days from the date of the alleged unlawful employment practice in which to file [his] charge of discrimination with the EEOC. The EEOC will then investigate the charge, and, if warranted, will issue a right-to-sue letter allowing the plaintiff to initiate a private action.

*MacVaugh v. Cty. of Montgomery*, ___ F. Supp. 3d ___, No. 17-cv-4568, 2018 WL 1518808, at *2 (E.D. Pa. Mar. 27, 2018) (internal quotation marks and footnotes omitted). The *MacVaugh* Court noted, "if Defendant's denial of Plaintiff's transfer requests occurred more than 300 days prior to the filing of the charge with the EEOC, claims based on these transfer requests will be precluded." *Id.* at, *3 n.36

In this case the alleged unlawful employment practice (Everett's employment termination) took place on October 13, 2016. Ex. A, Compl. ¶ 35. More than 300 hundred days have expired since October 13, 2016; thus, any attempt by Everett to exhaust her administrative remedies against Maternal Child would be time-barred and futile.

Additionally, any amendment of Count I of Everett's Complaint to substitute Associates Home Care as the defendant on the ADA claim would be futile because Everett failed to sue Associates Home Care within 90 days of receiving the December 11, 2017 EEOC Notice of Right to Sue, as required by law. *See* 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety days after the giving of such notice [by the EEOC,] a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved."); *see also* 42 U.S.C. § 12117(a) (stating that the "powers, remedies, and procedures" set forth in § 2000e-5 apply to ADA claims); *see, e.g.*, *Washington-Morris v. Bucks Cty. Transp., Inc.*, No. 17-cv- 3631, 2018 WL

7

2021081, at *7 (E.D. Pa. May 1, 2018) (plaintiff was "barred from filing suit about the discriminatory acts related to the first EEOC complaint because she did not file suit within 90 days of receiving her right-to-sue letter") (citing, *inter alia*, *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir. 1986) (noting the rigidity of the 90-day period in which a plaintiff must file employment discrimination suit after receiving a right-to-sue letter from the EEOC)); *Dempsey-Lowden v. Levittown-Fairless Hills Rescue Squad, Inc.*, No. 16-cv-6112, 2018 WL 398296, at *3-4 (E.D. Pa. Jan. 11, 2018) (plaintiff's ADA claim was time-barred claims because more than 90 days had elapsed from the time plaintiff received her the right-to-sue letter from the EEOC until her complaint against defendant was filed).

Accordingly, Count I of Everett's Amended Complaint must be dismissed with prejudice.

**B.     Everett's ADA and FMLA Claims Are Legally Deficient Because Everett Was Not Terminated for Requesting a Leave, Rather She Was Terminated Because She Failed to Provide the Requisite Return to Work Documentation and She Did Not Return to Work After She Exhausted Her Leave.[3]**

Everett's mere legal conclusions and conclusory statements set forth in Count I and II of her Complaint—namely, that Defendant violated the ADA's prohibitions against discrimination and retaliation and the FMLA's prohibition against interference and retaliation by terminating her employment "***for her request for leave under the FMLA*** and a reasonable accommodation under the ADA" (Ex. A Compl. ¶ 38, emphasis added; *see also id.* ¶¶ 44-45, 50-51)—must be disregarded by the Court. *James*, 700 F.3d at 679. In any event, Everett's legal conclusions and conclusory statements are belied by the ***facts*** Everett asserts in her pleading which establish: Everett requested a 12-week FMLA leave; Defendant approved the leave; Everett commenced

---

[3]     To the extent that Maternal Child's motion to dismiss Count I of Everett's Complaint against it is not dismissed for the reasons Maternal Child asserts in Argument A above, then Maternal Child seeks dismissal of Count I for the reasons set forth in Arguments B and/or C of this brief.

the leave in July 2016 and exhausted it in October 2016; after exhausting the leave, Everett failed to return to work after her leave expired. See the facts Everett alleges in ¶¶ 26, 28, 32, 33, 44, 49 of her Complaint (Ex. A).

Accordingly, Counts I and II of Everett's Complaint fail to state a cause of action against Maternal Child under the ADA and the FMLA and they must be dismissed with prejudice.

C. **Everett's ADA Claim is Legally Deficient Because Everett Is Not Disabled Within the Meaning of the ADA Which Bars Claims For Transitory and Minor Impairments Under the Act's "Regarded As" Disabled Prong for Establishing a Disability.**

The United States Court of Appeals for the Third Circuit ("Third Circuit") recently discussed the standard to state a prima facie ADA claim, i.e., "A plaintiff must show (1) that he is disabled within the meaning of the ADA, (2) that he is otherwise qualified for the job, with or without reasonable accommodations, and (3) that he was subjected to an adverse employment decision as a result of discrimination." *Lackey v. Heart of Lancaster Reg'l Med. Ctr.*, 704 Fed. Appx. 41, 48 (3d Cir. 2017) (quoting *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 185 (3d Cir. 2010)). The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment." *Id.* (quoting 42 U.S.C. § 12102(1)).

As the Third Circuit noted in *Lackey*, since its amendment in 2008, the ADA has further explained that an individual is "regarded as" disabled when "the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id.* (quoting § 12102(3)(A)). However, this test does ***not*** apply to an impairment that is "transitory and minor." *Id.* An impairment is transitory when it has "an actual or expected duration of 6 months or less." *Id.* (quoting § 12102(3)(B)).

9

The "mere fact that an employer is aware of an employee's impairment is insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action." *Kurylo v. Parkhouse Nursing & Rehab. Ctr., LP*, No. 17-cv-00004, 2017 WL 1208065, at *5 (E.D. Pa. Apr. 3, 2017) (citations omitted). Instead, "the relevant inquiry is whether the impairment that the employer perceived is an impairment that is objectively transitory and minor." *Id.* (citations omitted).

Here, Everett alleges that Defendant's purported reasons for terminating her employment were pretextual and based on her disability that "Defendant ***regarded her as having***." Ex. A, Compl. ¶ 38 (emphasis added); *see also id.* at ¶ 41 (incorporating prior allegations of the Complaint in to Count I). But, as explained in *Lackey*, a "transitory and minor impairment" with an actual or expected duration of 6 months or less, such as Everett's impairment, does not qualify under the ADA's "regarded as" prong. *See, e.g., Kurylo*, 2017 WL 1208065, at *5 (granting defendant's motion to dismiss plaintiff's ADA and PHRA claims under the "regarded as" disabled prong of the ADA because plaintiff "alleged no facts to suggest that defendant viewed [his stomach] problem as ongoing or expected it to last more than six months" and finding any amendment to the Complaint would be futile due to plaintiff's inability to meet the threshold requirements for a disability under the ADA); *Budhun v. Reading Hosp. & Med. Ctr.*, No. 10-cv-6921, 2011 WL 2746009, at *3 (E.D. Pa. July 14, 2011) (denying plaintiff leave to amend her complaint on futility grounds because she alleged only a temporary impairment of an injured finger which caused her to lose the use of her finger for two-and-a-half months; thus, plaintiff was "not disabled, and was not regarded as disabled, within the meaning of the ADA"), *aff'd*, 765 F.3d 245 (3d Cir. 2014).

Similar to the complaint filed in *Kurylo*, Everett's Complaint in this action alleges **no facts** to suggest that Defendant viewed Everett's Lofgren Syndrome as ongoing or expected it to last more than six months. Ex. A, Compl. ¶¶ 1-64 (absence of such allegations). Indeed, "[in] or around early October 2016" Everett notified Defendant that she anticipated that her Rheumatologist "would soon release her to return to work." *Id.* ¶ 28; *see Kurlyo*, 2017 WL 1208065, at *5 (plaintiff presented defendant with a doctor's note clearing him to return to work after two weeks). Since Everett's impairment resulting from her alleged Lofgren Syndrome lasted about three months, according to the averments of Everett's Complaint, the impairment was transitory and minor, precluding any ADA claim against Maternal Child.

Count I of Everett's Complaint must thus be dismissed with prejudice. Any attempt by Everett to amend her Complaint on the impairment issue would be futile because the allegations in the current Complaint reveal that Everett cannot meet the threshold requirements for a disability under the ADA.

If Everett argues in response to this motion that she is not seeking to recover on the "regarded as" disabled prong of the ADA, then Maternal Child seeks an order under Rule 12(e) requiring Everett to provide a more definitive statement in order to clarify her ADA claim.

**D.    Everett's Complaint Fails to State a Plausible Claim for Relief Under the FLSA or PMWA.**

Everett's Complaint fails to contain sufficient facts to support a plausible claim under the FLSA or the PMWA as required under the *Iqbal* pleading standard. Rather, Everett's Complaint merely contains conclusory and vague failure to pay overtime compensation allegations (Ex. A, Compl. ¶¶ 13, 18, 20, 56, 57, 63, 63), an isolated reference Everett performing "compensable on-call work" (*id.* ¶ 14), vague "meal break" deductions in compensation (*id.* ¶¶ 15-17), all of which lack any temporal limitation. At best, Everett's claims merely recite some statutory elements of

11

FLSA and PMWA claims (*id.* ¶¶ 55-56, 58-62, 64) in contravention of *Iqbal's* pleading mandates.

Everett's Complaint is devoid of an estimate of ***any time period*** with respect to Defendant's alleged failure to pay overtime compensation, or any other type of compensation that might be at issue. She merely avers, "At all times material hereto [she] worked approximately 41.5 hours per week." *Id.* ¶ 13. This is insufficient to state FLSA and PMWA claims concerning overtime compensation.

While plaintiffs are not required to identify the exact dates and times of overtime work, *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014), they "must be 'able to estimate the time periods in which they worked without proper overtime compensation.'" *Parker v. 4247 FX, Inc.*, CV 16-2710, 2017 WL 2002794, at *5 (E.D. Pa. May 12, 2017) (quoting *Mell v. GNC Corp.*, No. 10-945, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010) (dismissing FLSA claim)), *appeal dismissed*, No. 17-cv-2601, 2017 WL 7000263 (3d Cir. Oct. 16, 2017).

In this case, Everett's "at all times material hereto" allegation fails to put Maternal Child on notice as to what time periods are at issue in this litigation. She alleges she was employed as "a Scheduler" with Defendant from September 2004 through October 13, 2016. Ex. A, Compl. ¶¶ 12, 35. However, the FLSA has a two-year statute of limitations for ordinary violations and a three-year statute of limitations for willful violations under 29 U.S.C. § 255(a), and the PMWA has a three-year statement of limitation for violations under 43 P.S. § 260.9a. *See Caucci v. Prison Health Servs., Inc.*, 153 F. Supp. 2d 605, 610 (E.D. Pa. 2001) (discussing the FLSA and PMWA statutes of limitations). Consequently, since Everett filed this action on February 18, 2018, any claim by Everett for overtime compensation violations, or any other compensation

violations under the FLSA or PMWA are barred by the two-years statute of limitations as of February 18, 2016, and barred by the three-year statute of limitations by February 18, 2015 and must be dismissed with prejudice.

Everett also fails to allege sufficient facts to establish a willful violation of the FLSA by Maternal Child. Everett's Complaint is devoid of any factual allegations to support a plausible claim of a willfulness. "To state a claim for a willful violation of the FLSA, more than an ordinary violation must be alleged." *Mell*, 2010 WL 4668966, at *8 (citations omitted). "To satisfy *Iqbal*, it is insufficient to merely assert that the employer's conduct was willful; the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation." *Id.* (internal quotation marks and citation omitted). Here, as in *Mell*, "there are no factual allegations which would support a claim that the violations were willful, for example, reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored." *See id.* (dismissing willful FLSA claim). In fact, Everett plead *no facts* to support a willful FLSA violation—she does not allege, how or under what circumstances any FLSA compensation violation occurred. Everett's willful allegation is merely a legal conclusion that Court must ignore. Ex. A Compl. ¶ 58 ("Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions).

Further, if Everett is attempting to make a claim for alleged failure to pay "on-call" compensation under the FLSA, which is not clear from the vague allegations of her Complaint, she falls woefully short of stating a cause of action for such a violation. "On-call time can be compensable under the FLSA, but the Supreme Court has not established a "bright line rule" to determine whether hours spent on call qualify for compensation. *Parker*, 2017 WL 2002794, at *7 (dismissing "on-call" compensation violation clam) (citing *Ingram v. Cty. of Bucks*, 144 F.3d

265, 267 (3d Cir. 1998) (citing *Skidmore v. Swift*, 323 U.S. 134 (1944)).  "The Third Circuit, in

interpreting the Department of Labor regulations, has established four factors to help courts

determine whether on-call time is compensable under the FLSA:

> First, whether the employee may carry a beeper or leave home; second, the
> frequency of calls and the nature of the employer's demands; third, the employee'"
> ability to maintain a flexible on-call schedule and switch on-call shifts; and
> fourth, whether the employee actually engaged in personal activities during on-
> call time.  If these factors reveal onerous on-call policies and significant
> interference with the employee's personal life, Courts have held that on-call time
> is compensable.

*Id.* (citing *Ingram*, 144 F.3d at 268).  Here, Everett simply makes a passing reference to

performing "on-call" work of an unspecified nature in an unspecified time period; she alleges **no**

**facts** to put Defendant on notice as to whether she can establish any of the "on-call" factors

established by the Third Circuit, or otherwise.  Therefore, any claim for "on-call" compensation

violation under the FLSA must be dismissed.

    To the extent that the Court does not dismiss Counts III and IV of Everett's Complaint as

requested above, then Maternal Child requests that Everett be compelled to file a more definitive

statement under Rule 12(e) to clarify the FLSA and PMWA claims which are currently vague

and ambiguous.

V.    **CONCLUSION**

For the foregoing reasons, defendant The Maternal Child Consortium, LLC respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint or alternate Motion for a More Definitive Statement.

Respectfully submitted,

**McSHEA LAW FIRM, P.C.**

 /s/ Ralph J. Kelly
RALPH J. KELLY, ESQUIRE
Pa. Identification No. 39706
Centre Square, West Tower
1500 Market Street, Suite 4000
Philadelphia, PA 19102-2100
(215) 599-0800

Attorney for Defendant,
The Maternal Child Consortium, LLC

Date:   May 29, 2018

15

## CERTIFICATE OF SERVICE

I hereby certify that, on this 29th day of May, 2018, I electronically filed the foregoing Defendant Maternal Child Consortium, LLC's Motion to Dismiss Plaintiff's Complaint or for a More Definitive Statement and accompanying Brief with the Clerk of Court using the *CM/ECF* system, which will automatically send email notification of such filing to the following attorney of record:

Michael Patrick Murphy , JR.
MURPHY LAW GROUP, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
215-375-0961
Email: murphy@phillyemploymentlawyer.com

Attorney for Plaintiff