IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN EVERETT,<br>          Plaintiff,<br><br>v.<br><br>THE MATERNAL CHILD<br>CONSORTIUM, LLC,<br>          Defendants. | CIVIL ACTION<br><br><br><br>NO. 18-746 |

## MEMORANDUM OPINION

Plaintiff, Susan Everett, brings suit against her former employer, Maternal Child Consortium, LLC ("MCC"), alleging that Defendant discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 621*, et seq.*, and that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, as well as the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 33, *et seq.* Defendant has filed a motion to dismiss the claims against it. For the reasons below, Defendant's motion will be granted and denied in part.

I.    Facts

In or about September 2004, the Maternal Child Care Consortium hired Everett as a scheduler. Between 2004 and October 13, 2016, Everett alleges that she consistently worked 41.5 hours per week. Everett estimates that on three occasions per week, her meal breaks were interrupted and lasted fewer than the twenty minutes required by law. Nevertheless, MCC deducted thirty minutes of time from Plaintiff's time records. According to the Complaint, MCC failed to pay Everett 1.5 times her regular rate of pay for each hour that she worked in excess of 40 hours per week. In addition, Everett alleges that she performed compensable on-call work. On the basis of these allegations, Everett asserts claims for violations of the FLSA and the PMWA.

Everett also asserts claims under the FMLA and ADA. Specifically, during the summer of 2016, after she was diagnosed with Lofgren Syndrome, Everett requested a leave of absence pursuant to the FMLA, which MCC granted. In early October, 2016 Everett notified Defendant that she anticipated that her rheumatologist would soon release her to return to work. However, MCC notified Everett that it required a work authorization from her podiatrist instead. Everett was unable to obtain an appointment with her podiatrist until October 17, 2016. On October 13, 2016, MCC terminated her employment on the grounds that she had not obtained a timely letter from her podiatrist.

On February 3, 2017, Everett filed a Charge of Discrimination against "Associates Home Care, Inc." with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff subsequently received a Notice of Right to Sue from the EEOC. The Notice states that Plaintiff has the right to sue "Associates Home Care, Inc," the respondent in the EEOC matter. Defendant, MCC, moves to dismiss Plaintiff's claims under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim.

**II.     Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. *Id.* at 683. Rather, a plaintiff must allege some facts to raise the allegation above the level of mere speculation. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555).

In analyzing a motion to dismiss legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210-11 (3d Cir. 2009*).* Generally that determination is made upon a review of the allegations contained in the complaint, exhibits attached appropriately to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.* 998 F.2d 1192, 1996 (3d Cir. 1993). A court may also consider a document "integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). In this case, Plaintiff's Complaint explicitly relies upon the Notice of the Right to Sue from the EEOC. Therefore, the EEOC Notice may be considered as well.

### III.   Discussion

#### a. ADA claim

Typically, a plaintiff is precluded from bringing an action under the ADA against a defendant other than the one named in his or her original charge before the EEOC. *See Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977). An exception exists, however, "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer v. Bd. of Pub. Educ. of Sch. Dist. of Pittsburgh,* 903 F.2d 243, 252 (3d Cir. 1990). In *Glus,* the Third Circuit identified four factors relevant to determine whether a party not named in an administrative charge can nevertheless be named as a defendant in a subsequent civil action:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance, it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and (4) whether the

unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus*, 562 F.2d at 888. Plaintiff's Complaint is bereft of any information concerning the relationship between Associates Home Care, Inc. and MCC. Absent additional details, the Court is unable to determine whether the *Glus* factors weigh in favor or against allowing this case to proceed. Thus, Plaintiff's ADA Claim (Count I) will be dismissed without prejudice.[1]

**b. FMLA claim**

The FMLA permits eligible employees to take up to "12 work weeks of leave during any 12-month period . . . [if a] serious health condition . . . makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1). The FMLA also provides employees a cause of action in the nature of a retaliation claim if they suffer an adverse action as a result of invoking their right to leave under the FMLA. *See id.* § 2615 ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA].").

To prevail on a retaliation claim under the FMLA, the plaintiff must prove that "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied

---

[1] Defendant also argues that Plaintiff's ADA claim should be dismissed because she has failed to allege that MCC "regarded her" as disabled in that, according to Defendant, Lofgren Syndrome does not last more than six months. A plaintiff bringing a "regarded-as" claim of disability discrimination under the ADA must allege that she was subjected to an adverse action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). In such cases, the perceived impairment must not be transitory and minor. *Id.* § 12102(20)(B). The statute defines transitory impairments as those expected to last six months or less. *See id.* Examples of "objectively transitory and minor" disabilities that cannot survive a motion to dismiss include a broken finger, *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014), an acute stress reaction, *Michalesko v. Borough*, 658 F. App'x 105 (3d Cir. 2016), and a stomach problem that caused the plaintiff to miss two weeks of work. *See Kurylo v. Parkhouse Nursing & Rehab. Ctr., LP*, 2017 WL 1208065 (E.D. Pa. 2017). By contrast, Plaintiff alleges that her Lofgren's Syndrome necessitated leave from July until October of 2016. On the record before it and without any information about Lofgren's Syndrome, the Court is unable to determine whether Lofgren's Syndrome is a condition that could be perceived to last less than six months.

benefits to which he or she was entitled under the FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014). MCC argues that Everett has failed to plead that she was "denied benefits to which [she] was entitled under the FMLA" because she was granted leave and "after exhausting the leave, Everett failed to return to work." However, the Complaint alleges that Everett was denied the opportunity to return to work. The FMLA provides that "[o]n return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced. . . ." 29 C.F.R. § 825.214. Interpreting the facts in the light most favorable to the Plaintiff, as the Court must at this stage, it is plausible that Everett was denied a right to which she was entitled under the FMLA. *See Fabian v. St. Mary's Med. Ctr.,* 2017 WL 3494219, at *4 (E.D. Pa. 2017) (denying motion to dismiss FMLA retaliation claim where the plaintiff was cleared by her doctor to return to work following FMLA leave, but on a reduced load, and the plaintiff was subsequently terminated).[2]

### c. FLSA claim

Plaintiff appears to assert two bases for her FLSA claim. First, she asserts that she was not paid overtime compensation for work performed during her meal breaks. Second, she asserts that she performed "compensable on-call work." Both of these claims are considered below.

*i.    Overtime Compensation*

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). Under the FLSA, employers may not employ an employee "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

---

[2] To be sure, if an employee is "unable to perform an essential function of the position because of a physical or mental condition" she is not entitled to restoration of her job under the FMLA, although she may have rights under the ADA. *See* 29 C.F.R. § 825.216(c). However, the Court cannot determine whether Everett was unable to perform an essential function of her position on October 13, 2015 on the basis of the allegations contained in the Complaint.

5

hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). To recover overtime compensation under the FLSA, "an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotations omitted).

In *Davis*, the Third Circuit resolved disagreement concerning "[t]he level of detail necessary to plead a FLSA overtime claim." *Id.* The Court held that "a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice" to withstand a motion to dismiss. *Id.* at 243. In this case, Everett has alleged that "[a]t all times material hereto, Plaintiff worked approximately 41.5 hours per week" and that "[o]n approximately three (3) occasions per week, Plaintiff's meal break was interrupted and ultimately lasted fewer than twenty (20) minutes." In essence, Everett alleges that she worked more than forty hours per week *every* week without appropriate compensation. The allegation that Plaintiff was denied meal breaks provides sufficient detail to plead an FLSA overtime claim because it identifies the "amount and extent of [her] overtime work." *Id.* at 241; *see also Jones v. SCO, Silver Care Operations LLC*, 2014 WL 5410627, at *4 (D.N.J. 2014) (finding allegations of interrupted and uncompensated meal breaks sufficient to survive a motion to dismiss).

Nevertheless, Defendant argues that Plaintiff's claims may be barred by the statute of limitations. The statute of limitations to bring a claim under the FLSA is two years "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). There is no dispute that the Complaint was filed within the two year statute of limitations because she was terminated on October 13, 2016 and

6

filed the claim on February 18, 2018. However, MCC argues that a claim arising from any alleged FLSA violation that occurred more than two years prior to filing suit should be barred because Plaintiff has not sufficiently pled a "willful" violation of the FLSA. "An employer 'willfully' violated the Act when it 'knew or showed reckless disregard for the matter of whether its conduct was prohibited' by [the FLSA]." *Martin v. Sekler Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991).

Plaintiff alleges no facts to demonstrate that Defendant acted willfully in violating the FLSA, such as a statement that Plaintiff would be disciplined for refusing to work during meal breaks, *see Jelks v. Newark Cmty. Health Ctrs.,* 2013 WL 6154438, at *5 (D.N.J. 2013), that Defendant was cognizant that Plaintiff was working during meal breaks, *Albanese v. Bergen Cty., N.J.*, 991 F. Supp. 410, 425 (D.N.J. 1997), or "reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored." *Mell v. GNC Corp.*, 2010 WL 4668966, at *8 (W.D. Pa. 2010). Therefore, any claim arising from a violation of the FLSA which occurred prior to February 18, 2016 will be dismissed without prejudice for Plaintiff to amend to sufficiently state a willful violation of the statute.[3]

### ii. On-Call Compensation

The Complaint contains a single allegation concerning Plaintiff's on-call work. Specifically, the Complaint avers that "Plaintiff additionally performed compensable on-call work." The Third Circuit has established a four-factor test to determine whether time spent by an employee waiting on-call is compensable: "First, whether the employee may carry a beeper or leave home; second, the frequency of calls and the nature of the employer's demands; third, the

---

[3] Plaintiff also argues that any claim arising out of a violation of the PMWA more than three years prior to filing suit must be dismissed as well. The PMWA is the Pennsylvania state statute requiring an employer to pay overtime to employees who work more than forty hours per week. *See* 43 Pa. Stat. Ann. § 333.104. The statute of limitations for a claim under the PMWA is three years. *See* 43 Pa. Stat. § 260.9a(g). Therefore any claim arising out of a violation of the PMWA prior to February 18, 2015 will be dismissed.

7

employee's ability to maintain a flexible on-call schedule and switch on-call shifts; and fourth, whether the employee actually engaged in personal activities during on-call time." *Ingram v. County of Bucks*, 144 F.3d 265, 268 (3d Cir. 1998). The Third Circuit cautioned that only if an analysis of these factors "reveal[s] onerous on-call policies and significant interference with the employee's personal life" is the on-call time compensable. *Id.* Plaintiff's single allegation that she "performed compensable on-call work" is not enough to state a claim under *Ingram. See Parker v. 4247 FX, Inc.,* 2017 WL 2002794, at *7 (E.D. Pa. 2017) (dismissing claims for on-call work under the FLSA where Plaintiff merely claimed that he was on call "literally 24/7/365" and "chained" to his desk."). Plaintiff's claim for compensation arising from on-call work is dismissed without prejudice to amend.[4]

An order follows.

**July 10, 2018**                                          **BY THE COURT:**

                                                          **/s/ Wendy Beetlestone, J.**

                                                          _____
                                                          **WENDY BEETLESTONE, J.**

---

[4] Defendant also moves for a "more definite statement" under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A motion for a more definitive statement "is generally disfavored, and is used to provide a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, 848 F. Supp.2d 513, 522 (E.D. Pa. 2012). Here the Complaint is than intelligible. Accordingly, Defendant's motion for a more definite statement will be denied.